**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4983**

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

CHARLES NATHANIEL DAWSON,

                                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-02-1305)

Submitted: June 30, 2004            Decided: July 19, 2004

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. J. Strom Thurmond, United States Attorney, John C. Duane, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Nathaniel Dawson appeals his conviction for possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (2000). Dawson asserts the district court erred when it ruled his arrest was valid and denied his motion to suppress evidence obtained in a search incident to the arrest. Finding no error, we affirm.

We review the district court's factual findings underlying its determination of a motion to suppress for clear error and the district court's legal conclusions de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"If the police have a valid arrest warrant for one person and they reasonably and in good faith arrest another, the Supreme Court has ruled that the arrest of the 'wrong person' is proper." United States v. McEachern, 675 F.2d 618, 621 (4th Cir. 1982) (citing Hill v. California, 401 U.S. 797, 802-04 (1971)). When the legality of arrest is established, officers are entitled to conduct a search of the arrestee and inspect objects found on his person without a warrant. Id. at 622. Our review of the record convinces us that officers acted reasonably and in good faith when they arrested Dawson believing he was someone for whom they had a valid arrest warrant. Accordingly, the district court did not err when

it denied Dawson's motion to suppress evidence found in the search of his person incident to arrest.  We therefore affirm Dawson's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>